UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| AMY SHELTON | CIVIL NO. 19-1561 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| PARISH OF DESOTO | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss filed by DeSoto Parish ("Defendant") (Record Document 17) moving for the dismissal of Plaintiff Amy Shelton's ("Plaintiff") claims of gender and/or race discrimination, hostile work environment, and retaliation. Plaintiff opposes the Motion. See Record Document 24. For the following reasons, the Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.

**FACTUAL BACKGROUND**

Plaintiff's claims stem from events that occurred prior to and while she was employed as the Human Resources Director for the DeSoto Parish Police Jury. Before beginning her job, Plaintiff believes the Defendant spread rumors to area news outlets claiming she obtained her position through a sexual relationship with a police juror. Plaintiff later filed several complaints alleging discrimination on the basis of gender and/or race and the creation of a hostile work environment. One such complaint was filed on February 7, 2017, to which Defendant responded, but Plaintiff's work environment remained unchanged. Plaintiff contends retaliatory actions were then taken against her for filing the complaint.

Plaintiff filed a separate complaint against fellow employees Reggie Roe ("Roe") and Steve Brown ("Brown") for their creation of a hostile work environment. Soon

1

thereafter, Roe became Plaintiff's direct supervisor. Plaintiff alleges that she continued to experience belittling and negative treatment in her workplace. Plaintiff contends that Police Jury members ignored her recommendations and suggestions as to the hiring and firing of candidates and made her office an uncomfortable space, deterring employees from visiting.

Plaintiff filed the present suit against the Defendant on December 6, 2019, seeking declaratory, injunctive, and monetary relief from the Defendant for gender and/or race discrimination, the creation of a hostile work environment, and retaliation for her complaints. See Record Document 1. The Defendant moved to dismiss the Complaint for failure to state a claim. See Record Document 4. Plaintiff filed an Amended Complaint (Record Document 11) in response to the Motion to Dismiss and then filed a Second Amended Complaint (Record Document 16) to include updated information regarding her continued experience with retaliatory conduct. The Defendant filed this Motion to Dismiss (Record Document 17), again seeking dismissal for Plaintiff's failure to state a claim.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Pro. 8(a)(2). The standard for the adequacy of complaints is one of "plausibility." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level…on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555–56, 127 S. Ct. at 1965. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," it does not meet the standards of Rule

8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

In conjunction with Rule 8, Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for failure to state a claim upon which relief may be granted. A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff has pleaded a legally cognizable claim. See Thompson v. City of Waco, Tex., 764 F.3d 500, 503 (5th Cir. 2014). Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible to survive such a motion. See Iqbal, 556 U.S. at 678–79, 129 S. Ct. at 1949.

Plaintiff brings her claims under Title VII, 42 U.S.C. § 2000e-5(f)(3), and the relevant state laws for discrimination and retaliation. The Defendant moves to dismiss Plaintiff's Second Amended Complaint (Record Document 16) because it believes Plaintiff has failed to plead plausible claims of race and/or gender discrimination nor has she met the threshold for her retaliation and hostile work environment claims.

Plaintiff first argues she experienced gender discrimination from an anonymous letter she believes was sent by the Defendant which falsely accused her of obtaining her job through sexual relations with a police jury member. However, as the Defendant points out, it is unclear exactly how these accusations relate to Plaintiff's Title VII suit. The alleged conduct occurred before she was employed and seem to have no link to her claims of harassment or retaliation.

Even so, the Court agrees with the Defendant that Plaintiff does not name a specific individual who may have sent the letter, nor does she allege that the Defendant knew about and failed to address the letter. See Record Document 17-1. The Court does

3

not have a clear indication of whether the Plaintiff's harasser was a co-worker or supervisor and cannot adequately assess liability for the alleged harassment. See Matherne v. Ruba Mgmt., 624 Fed, Appx. 835, 839 (5th Cir. 2015) ("[I]t matters whether a harasser is a supervisor or simply a coworker.") (quoting Vance v. Ball State Univ., 570 U.S. 421, 424, 133 S.Ct. 2434, 2439 (2013)). Without more, Plaintiff's claim involving the anonymous letter must be **DISMISSED**.

Plaintiff's next argument appears to be one of a hostile work environment. Courts have interpreted Title VII to prohibit such discriminatory practices and have created a framework for what a plaintiff must prove in order to succeed on her claim. Plaintiff must show:

> (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on [the protected group status]; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action.

Id. at 839 (5th Cir. 2015) (quoting Royal v. CCC & R Tres Arboles, LLC, 736 F.3d 396, 401 (5th Cir. 2013)). While the Plaintiff describes numerous instances of alleged harassment, she does little to explain how these occurrences are based on her race or gender. In fact, the only attempt she makes to tie these claims to her status in a protected class is to conclude that "no other similarly situated…employees" were subjected to such treatment. Record Document 16. Because Plaintiff has failed to plead more than mere conclusions as to the basis of her alleged harassment, her hostile work environment claims must be **DISMISSED**.

As for her remaining claims, the Court believes they can be best classified as ones of retaliation rather than general discrimination.[1] For a claim of retaliation, Plaintiff must prove 1) she engaged in a protected activity, 2) an adverse employment action occurred, and 3) a causal link exists between the protected activity and the adverse employment action. See Long v. Eastfield College, 88 F.3d 300, 304 (5th Cir. 1996). Plaintiff has successfully alleged that she engaged in a protected activity. She "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII by filing both the February 7 complaint and the subsequent complaint against Roe and Brown. Id.

The Defendant argues that while Plaintiff clearly participated in a protected activity, she has not proven she was subjected to an adverse employment action. An adverse employment action generally constitutes a discharge, demotion, refusal to promote or hire, and any reprimand. See Breaux v. City of Garland, 205 F.3d 150, 157 (5th Cir. 2000). It is an action harmful enough to "dissuade a reasonable worker" from engaging in the protected activity. Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006). This broad definition encompasses actions that affect "job title, grade, hours, salary, or benefits" or cause "a diminution in prestige or change in standing among…coworkers." Paul v. Elayn Hunt Corr. Ctr., 666 F.Appx. 342, 346 (5th Cir. 2016) (quoting Stewart v. Miss. Transp. Comm'n, 586 F.3d 321, 332 (5th Cir. 2009) (internal quotations omitted)).

Plaintiff's Second Amended Complaint includes details of actions taken by Roe and Brown to undermine her position, including bullying other employees to file complaints against the Plaintiff and requesting derogatory information about the Plaintiff.

---

[1] The only somewhat substantiated claim made for general discrimination based on race and/or sex is tenuously tied to the anonymous letter and has been addressed above.

5

Plaintiff also alleges that employees are no longer comfortable coming to her office because they are constantly interrogated by Roe and Brown. Duties once assigned to Plaintiff have now be removed from her job description and given to the Parish Administrator. And finally, Plaintiff offers that Brown installed a video surveillance camera in the HR office which further diminished Plaintiff's role as HR Director because it discourages employees to visit her office for complaints and other HR matters. See Record Document 16.

Taking all facts presented as true, the Court believes Plaintiff has sufficiently pled a retaliation claim under Title VII. She provides a litany of instances where she contends her duties as the Human Resources Director were circumvented and her position diminished by fellow coworkers after she filed her complaints. Furthermore, Plaintiff has drawn the requisite causal connection between her filed complaint against Roe and Brown and their alleged retaliatory conduct. See Record Document 16 at 3-4. Plaintiff has met the plausibility standard and her retaliation claim survives the Rule 12(b)(6) challenge.

## CONCLUSION

For the foregoing reasons,

The Defendant's Motion to Dismiss is **GRANTED** with regards to Plaintiff's racial and/or gender discrimination and hostile work environment claims under both Title VII and the relevant state law provision.[2]

---

[2] Plaintiff gives no clear indication of which state statute she believes is applicable. The Court presumes Plaintiff intended to plead her state law claims under the Louisiana Employment Discrimination Law, La. R.S. 22:332(A)(1). Because the state law provision is a near replica of Title VII, the Court reaches the same conclusions it did with the Title VII claims.

The Defendant's Motion to Dismiss is **DENIED** with regards to Plaintiff's retaliation claim under both Title VII and the relevant state law provision.

An order consistent with this Memorandum Ruling will issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 19th day of July 2021.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT